991 F.2d 809
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lore J. BOURGEOIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3361.
 United States Court of Appeals, Federal Circuit.
 March 9, 1993.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Lore J. Bourgeois (Bourgeois) seeks review of the April 26, 1991 final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DE08469010526, affirming a reconsideration decision of the Office of Personnel Management (OPM) denying her untimely request to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). We affirm.
 
 DISCUSSION
 
 2
 The Federal Employees Retirement System Act, enacted June 6, 1986, provided a six-month open season from July 1, 1987 through December 31, 1987 for individuals subject to CSRS coverage to transfer to FERS coverage. OPM later authorized a second six-month open season, lasting until June 30, 1988, to allow for belated elections under certain circumstances. An employing agency could accept a belated election under 5 C.F.R. § 204(a) if: (1) the FERS Transfer Handbook was unavailable during the transfer period; or (2) the individual was unable to elect the FERS for causes beyond his or her control.
 
 
 3
 Ms. Bourgeois did not elect to transfer to FERS during the statutory "open season" running from July 1 until December 30, 1987, nor during the restricted belated election period which closed on June 30, 1988. It was not until January 26, 1990, approximately one and one half years after the close of the "belated election" period, that Ms. Bourgeois elected to transfer her coverage to FERS by submitting a letter to her employer, the Internal Revenue Service (IRS).
 
 
 4
 The IRS submitted her request to OPM, subsequent to which Ms. Bourgeois's request was denied. Ms. Bourgeois appealed OPM's decision to the MSPB. The Administrative Judge's (AJ) initial decision affirmed the OPM. The full Board affirmed the AJ's initial decision, as modified, in light of Ms. Bourgeois's failure to establish that she qualified under the limited circumstances under which a belated election may be allowed pursuant to 5 C.F.R. § 846.204(a). The Board concluded that Ms. Bourgeois was provided with the FERS Transfer Handbook and that, although the uncertainty of the congressional action regarding the Social Security public pension offset exemption made the decision whether to elect FERS coverage more difficult, the situation did not amount to circumstances beyond Ms. Bourgeois's control.
 
 
 5
 We have reviewed all of Ms. Bourgeois's arguments on appeal. However, this Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding none of these grounds present here, we affirm.